O’Neall, J.
The 14th section of the first Article of the Constitution of this State, provides that “the members of both houses (the Senate and House of Representatives) shall be protected in their persons and estates, during their attendance on, going to and returning from the legislature, and ten days previous to the sitting, and ten days after the adjournment of the legislature.”
In the case of Tillinghast & Arthur v. Carr (4 M’C-152) it was held, that the privilege conferred on a member of the Legislature by this section of the Constitution, extended to exemption from personal service of process, as well as actual arrest.
From the facts set forth in the plea, it appears that the day on which Senator Mayrant was served with the process, was the 12th day of October, within ten days of the meeting of the Legislature, so that there could not even be a legal personal service, much less an arrest with a view to bail. ,
The writ was lodged in the sheriff’s office on the 3d of September ; a month and nine days elapsed before service was made : and the question is, was this a neglect of duty on the part of the sheriff? I am very clearly of opinion that it was. it is the duty of the sheriff to execute all writs and processes delivered to him within a reasonable time, and if he fails to do so, and damage results to the plaintiff, he is responsible for it. He is compelled to make return of them, fifteen days before the court to which they are returnable. But this general return day does not justify him in delaying the service until then. The act of 1784, P. L. 338, provides that “the sheriff of the district in which the party, against whom any process of the said court issues, resides, or the estate to be affected thereby lies, shall execute and make a proper return of all such process, writs of subpoena only excepted.” When is the sheriff to execute the writ? Unqestionably as soon after it is lodged in his office, as he can find the defendant. This is always a question of diligence, and of course is for the jury. The legal presumption is in favor of the officer, that he *398 done big duty; bat the fact that he suffers a bail writ against an inhabitant of his district, to lié in his office for upwards of a month, would rebut that presumption, and put him to proof of search for the defendant, and that he could not be sooner arrested. The facts stated therefore in the defendant’s second plea, were not a legal bar to the plaintiff’s recovery; and the demurrer ought to have been sustained.
M’Cord & Hemphill, for the motion.
Desaursure, contra.

The motion to reverse the decision below is granted.

Johnson & Harper, Js. concurred.